No. 25-8056

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ELIZABETH MIRABELLI, *et al.*,
    *Plaintiffs-Appellees*,

v.

ROB BONTA, *et al.*,
    *Defendants-Appellants*.

**On Appeal from the United States District Court
for the Southern District of California**
No. 3:23-cv-0768-BEN-VET
The Honorable Roger T. Benitez, Judge

## EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 FOR MODIFICATION OF THE STAY ORDER

### RELIEF REQUESTED BY MARCH 11, 2026

ROB BONTA
  *Attorney General of California*
SAMUEL T. HARBOURT
  *Solicitor General*
HELEN H. HONG
  *Principal Deputy Solicitor General*
CHERYL L. FEINER
  *Senior Assistant Attorney General*
JOSHUA A. KLEIN
  *Supervising Deputy Solicitor General*

JULIE VEROFF
  *Deputy Solicitor General*
DARRELL W. SPENCE
  *Supervising Deputy Attorney General*
JENNIFER A. BUNSHOFT
KEVIN L. QUADE
  *Deputy Attorneys General*

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
(415) 510-3776
Julie.Veroff@doj.ca.gov
  *Attorneys for Defendants-Appellants*

March 6, 2026

# EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 FOR MODIFICATION OF THE STAY ORDER

## INTRODUCTION

On March 2, 2026, the Supreme Court issued a per curiam opinion granting in part and denying in part Plaintiffs-Appellees' emergency application to vacate the stay pending appeal that this Court entered on January 5. *See Mirabelli v. Bonta*, 607 U.S. __, 2026 WL 575049 (U.S. Mar. 2, 2026); C.A. Dkt. 13. This Court accordingly issued an order vacating the stay as to the parents' claims and confirming that "[t]he stay remains in effect as to the remaining claims." C.A. Dkt. 19 at 3. Although Defendants-Appellants argued in their briefing that the Supreme Court's intervention was inappropriate and unwarranted at this time, they of course respect the Supreme Court's opinion and are complying with the terms of the injunction now in effect.

Defendants-Appellants are concerned, however, that in two critical respects, the terms of the district court's injunction that may remain in effect are inconsistent with the reasoning in the Supreme Court's opinion. Those terms threaten substantial harm and confusion if they are not clearly stayed pending appeal. Accordingly, Defendants-Appellants respectfully request that the Court modify its stay order as detailed below to clarify the terms of the permanent injunction that are now in effect and the terms that remain stayed pending appeal. This Court has authority to modify or clarify its stay order. *Cf. Mi Familia Vota v. Fontes*, 111

1

F.4th 976, 981 (9th Cir. 2024) (discussing partial vacatur of panel's stay order). The requested clarification will help Defendants-Appellants understand their obligations under the injunction as it is currently in effect and will help to mitigate confusion among public school employees and avoid unintended harm to students.

## STATEMENT

As the Court is aware, *see* C.A. Dkt. 13 at 3-5, this case involves a challenge by parents and public-school teachers on substantive due process, free exercise, and free speech grounds to various state laws that plaintiffs collectively refer to as "the State's Parental Exclusion Policies." *Id.* at 3. In late 2025, the district court certified the case as a class action, granted summary judgment to plaintiffs, and ordered a class-wide permanent injunction. D.Ct. Dkts. 286, 307, 308. On December 24, 2025, Defendants-Appellants filed an emergency motion with this Court for an interim administrative stay and stay pending appeal. C.A. Dkt. 7. The Court granted an administrative stay pending further order, and then, on January 5, issued an unpublished opinion staying the district court's permanent injunction pending disposition of the appeal. C.A. Dkt. 13.

On January 8, Plaintiffs-Appellees submitted an emergency application to the Supreme Court to vacate the panel's stay order, *see Mirabelli v. Bonta*, No. 25A810, and asked this Court to reconsider the panel's stay decision en banc, C.A. Dkt. 14. On March 2, before this Court had resolved the motion for

reconsideration en banc, the Supreme Court issued a per curiam opinion in which it granted the emergency application with respect to the parent plaintiffs and denied the emergency application with respect to the teacher plaintiffs. *Mirabelli v. Bonta*, 607 U.S. __, 2026 WL 575049 (U.S. Mar. 2, 2026). On March 3, this Court issued an order vacating the stay as to the parents' claims, and retaining the stay as to the remaining claims. C.A. Dkt. 19.

## ARGUMENT

The permanent injunction issued by the district court includes multiple provisions, including some that are specific to the parents' claims, some that are specific to the teachers' claims, and some that apply to both. Following the Supreme Court's decision on March 2, the permanent injunction is in effect with respect to the parents' claims and stayed with respect to the teachers' claims. To prevent substantial harm to certain children, and to ensure that the parties bound by the injunction, as well as the members of the public affected by its terms, understand exactly which provisions of the injunction are now in effect and which are stayed, Defendants-Appellants respectfully request that the Court modify its order staying the permanent injunction in the following respects, which reflect the Supreme Court's reasoning and holding:

1. Defendants-Appellants ask that the stay order be modified to confirm that the permanent injunction is stayed insofar as it would compel disclosure "to

parents who would engage in abuse." *Mirabelli*, 2026 WL 57049, at *3. In discussing plaintiffs' likelihood of success on the merits, the Supreme Court held that "[t]he State's interest in safety could be served by a policy that allows religious exemptions while precluding gender-identity disclosure to parents who would engage in abuse." *Id*. The district court's injunction, however, does not expressly provide any exception for circumstances where public school employees know that "parents . . . would engage in abuse." *Id*. To avoid that serious and unintended harm, and to ensure that the portion of the injunction that is now in effect tracks the reasoning of the Supreme Court, this Court should clarify its stay order to make clear that the injunction is stayed insofar as it would require disclosure in cases where parents would engage in abuse.

    2. Defendants-Appellants also ask that the stay order be modified to confirm that the notice requirement set out in Item 3 of the permanent injunction is stayed pending appeal. Item 3 requires Defendants-Appellants to post the following statement on "any . . . state-created or approved instruction on the gender-related rights of student and faculty": "'Parents and guardians have a federal constitutional right to be informed if their public school student child expresses gender incongruence. Teachers and school staff have a federal constitutional right to accurately inform the parent or guardian of their student when the student expresses gender incongruence. These federal constitutional rights are superior to

4

any state or local laws, state or local regulations, or state or local policies to the contrary.'" D.Ct. Dkt. 308 at 2-3.

The first two sentences do not track the reasoning in the Supreme Court's decision. The first sentence could be understood to suggest that public school officials have an affirmative constitutional duty to inform parents whenever they observe a student's expression of "gender incongruence," effectively imposing a mandatory "see something, say something" obligation in all circumstances. But the Supreme Court interpreted the injunction to "provide relief . . . *only* for those parents who object to the challenged policies or seek religious exemptions." *Mirabelli*, 2026 WL 57049, at *3 (emphasis added).[1] And the second sentence of the required statement pertains to the rights of teachers and school staff. But the Supreme Court let stand this Court's stay of the permanent injunction with respect to the teachers' claims.

To avoid serious confusion about the rights and obligations of parents and school officials under the permanent injunction as it now stands, and to ensure that Defendants-Appellants do not face any obligation pending appeal to post a statement that is inconsistent in material ways with the Supreme Court's reasoning, Defendants-Appellants request that the stay order be modified to confirm that Item

---

[1] The first sentence of the required notice statement also does not account for the ability of public school officials to decline to disclose information where disclosure will result in abuse. *See supra* 3-4.

3 is stayed in in its entirety.  Alternatively, should the Court prefer to retain some version of a notice requirement, it should modify and clarify the stay order to stay Item 3 of the district court's injunction insofar as it would require Defendants-Appellants to post the statement in the district court's order, as opposed to the following statement:

> **The Supreme Court has concluded that parents and guardians likely have a federal constitutional right "not to be shut out of participation in decisions regarding their children's mental health."** *Mirabelli v. Bonta*, **607 U.S. __, 2026 WL 575049, at \*3 (U.S. Mar. 2, 2026).  "Gender dysphoria is a condition that has an important bearing on a child's mental health."** *Id.*  **This right applies to parents "who object to" policies that "conceal . . . information from parents . . . when a child exhibits symptoms of gender dysphoria at school."** *Id.*  **And consistent with that right, school employees may "preclud[e] gender-identity disclosure to parents who would engage in abuse."** *Id.*  **This federal constitutional right is superior to any state or local laws, state or local regulations, or state or local policies to the contrary.**[2]

\* \* \*

In light of the above, and to aid the Court in resolving the instant motion, Defendants-Appellants respectfully propose the following draft order for the Court's consideration:

---

[2] Defendants-Appellants also note that they would have no objection to the district court modifying its injunction to replace the statement in its original order with the statement above.  *See generally* Fed. R. Civ. P. 62(d) (discussing district court's authority to "modify . . . an injunction" "[w]hile an appeal is pending from [a] . . . final judgment").

6

> On March 3, 2026, in light of the Supreme Court's decision granting in part and denying in part Plaintffs-Appellees' application to vacate the stay in *Mirabelli v. Bonta*, No. 25A810 (U.S. Mar. 3, 2026), the court issued an order vacating in part the stay entered by this court on January 5, 2026. *See* Dkt. No. 19. The court confirmed that the stay is vacated as to the parents' claims and remains in effect as to the remaining claims. *Id.* The court now further clarifies its stay order as follows: (1) The permanent injunction is stayed insofar as it would compel disclosure to parents who would engage in abuse; and (2) Item 3 of the permanent injunction is stayed.

Alternatively, the Court could modify the stay in the following way:

> On March 3, 2026, in light of the Supreme Court's decision granting in part and denying in part Plaintiffs-Appellees' application to vacate the stay in *Mirabelli v. Bonta*, No. 25A810 (U.S. Mar. 3, 2026), the court issued an order vacating in part the stay entered by this court on January 5, 2026. *See* Dkt. No. 19. The court confirmed that the stay is vacated as to the parents' claims and remains in effect as to the remaining claims. *Id.* The court now further clarifies its stay order as follows: (1) The permanent injunction is stayed insofar as it would compel disclosure to parents who would engage in abuse; and (2) Item 3 of the permanent injunction is stayed insofar as it would compel Defendants-Appellants to post the statement in the district court's order as opposed to the following statement: **The Supreme Court has concluded that parents and guardians likely have a federal constitutional right "not to be shut out of participation in decisions regarding their children's mental health."** ***Mirabelli v. Bonta*, 607 U.S. \_\_, 2026 WL 575049, at \*3 (U.S. Mar. 2, 2026).** **"Gender dysphoria is a condition that has an important bearing on a child's mental health."** *Id.* **This right applies to parents "who object to" policies that "conceal . . . information from parents . . . when a child exhibits symptoms of gender dysphoria at school."** *Id.* **And consistent with that right, school employees may "preclud[e] gender-identity disclosure to parents who**

7

would engage in abuse." *Id.* This federal constitutional right is superior to any state or local laws, state or local regulations, or state or local policies to the contrary.

## CONCLUSION

The Court's stay pending appeal should be modified in the ways discussed above.

Dated: March 6, 2026                    Respectfully submitted,

                                              *s/Julie Veroff*

ROB BONTA
  *Attorney General of California*
SAMUEL T. HARBOURT
  *Solicitor General*
HELEN H. HONG
  *Principal Deputy Solicitor General*
CHERYL L. FEINER
  *Senior Assistant Attorney General*
JOSHUA A. KLEIN
  *Supervising Deputy Solicitor General*
JULIE VEROFF
  *Deputy Solicitor General*
DARRELL W. SPENCE
  *Supervising Deputy Attorney General*
JENNIFER A. BUNSHOFT
KEVIN L. QUADE
  *Deputy Attorneys General*

  *Attorneys for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) and Local Rules 27-1(d) and 32-3 because it contains 1,880 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word in Times New Roman 14-point font.

Dated:  March 6, 2026 　　　　　　　　　　　　　　　*s/* Julie Veroff
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Julie Veroff