No. 25-8056

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ELIZABETH MIRABELLI, *et al*.,
*Plaintiffs-Appellees*,

V.

ROB BONTA, *et al*.,
*Defendants-Appellants*.

**On Appeal from the United States District Court
for the Southern District of California**
No. 3:23-cv-0768-BEN-VET
The Honorable Roger T. Benitez, Judge

## DEFENDANTS-APPELLANTS' SUPPLEMENTAL BRIEF

ROB BONTA
  *Attorney General of California*
SAMUEL T. HARBOURT
  *Solicitor General of California*
HELEN H. HONG
  *Principal Deputy Solicitor General*
CHERYL L. FEINER
  *Senior Assistant Attorney General*
JOSHUA A. KLEIN
  *Supervising Deputy Solicitor
  General*

JULIE VEROFF
  *Deputy Solicitor General*
DARRELL W. SPENCE
  *Supervising Deputy Attorney General*
JENNIFER A. BUNSHOFT
KEVIN L. QUADE
  *Deputy Attorneys General*
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
 (415) 510-3776
Julie.Veroff@doj.ca.gov
  *Attorneys for Defendants-Appellants*

March 16, 2026

# TABLE OF CONTENTS

**Page**

Introduction ......................................................................................... 1

Statement ............................................................................................. 2

Argument ............................................................................................. 3

Conclusion ........................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

CASES

*Mahmoud v. Taylor*, 606 U.S. 522 (2025) .....................................................5, 6

*Meyer v. Nebraska*, 262 U.S. 390 (1923) ........................................................5

*Mirabelli v. Bonta*, 607 U.S. __, 146 S. Ct. 797 (2026) ............1, 2, 3, 4, 5, 6, 7

*Munoz v. Small Bus. Admin.*, 644 F.2d 1361 (9th Cir. 1981) ...........................2

*Pierce v. Society of Sisters*, 268 U.S. 510 (1925) .............................................5

*Trump v. Boyle*, 145 S. Ct. 2653 (2025) .........................................................3

*Whole Women's Health v. Jackson*, 141 S. Ct. 2494 (2021) ...........................3

*Whole Women's Health v. Jackson*, 595 U.S. 30 (2021) ..................................3

*Wisconsin v. Yoder*, 406 U.S. 205 (1972) ........................................................6

OTHER AUTHORITIES

Cal. Dep't of Educ., *Child Abuse Identification & Reporting
     Guidelines*, https://www.cde.ca.gov/ls/ss/ap/
     childabusereportingguide.asp (last reviewed Nov. 4, 2024) ........................7

## INTRODUCTION

On March 4, 2026, this Court directed the parties "to file simultaneous supplemental briefs addressing the impact of the Supreme Court's order in *Mirabelli v. Bonta*, No. 25A810, 607 U.S. __ (2026), 2026 WL 575049 (U.S. Mar. 2, 2026), on the issues presented in this case." C.A. Dkt. 20. As discussed further below, the Supreme Court's decision does not finally resolve any of the issues presented in this case, nor does it necessitate a remand to the district court at this juncture. The Supreme Court's assessment of the justiciability and merits issues at hand was preliminary, and several members of the majority made express their expectation that the appeal would proceed before this panel in the ordinary course, with the panel's ultimate resolution of the appeal to be informed, but not controlled, by the reasoning in the Court's per curiam opinion. Although the Supreme Court's decision to vacate the stay pending appeal as to the parents' claims and maintain the stay as to the teachers' claims created certain discrete ambiguities with respect to the scope of the permanent injunction now in effect, those ambiguities can be resolved via the State's motion for modification of the stay order that is pending before this Court. *See* C.A. Dkt. 24. Any additional ambiguities and flaws in the district court's injunction can be addressed in the ordinary course.

1

## STATEMENT

As the panel is now familiar, *see* C.A. Dkt. 13 at 3-5, this case involves a challenge by parents and teachers in the California public school system on substantive due process, free exercise, and free speech grounds to a constellation of state laws that plaintiffs collectively refer to as "the State's Parental Exclusion Policies," *id.* at 3. In late 2025, the district court certified the case as a class action, granted summary judgment to plaintiffs, and ordered a class-wide permanent injunction. *Id.* at 4; *see also* D.Ct. Dkts. 286, 307, 308. Those orders, as well as the district court's orders denying the State's motions to dismiss, are now before this Court on appeal. *See* D.Ct. Dkt. 312; *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1364 (9th Cir. 1981) ("[A]n appeal from the final judgment draws in question all earlier non-final orders and all rulings which produced the judgment.").

Although the State's opening brief on the merits is due on April 16, 2026, *see* C.A. Dkt. 22, this Court and the Supreme Court have already considered some of the issues at hand in a preliminary posture. On January 5, this Court granted the State's emergency motion for a stay pending appeal of the district court's permanent injunction. C.A. Dkt. 13. And on March 2, the Supreme Court granted in part and denied in part plaintiffs' emergency application to vacate the stay. *Mirabelli v. Bonta*, 607 U.S. __, 146 S. Ct.

2

797 (2026). This Court accordingly vacated the stay as to the parent plaintiffs' claims and retained the stay as to the remaining claims. C.A. Dkt. 19. On March 6, the State filed a motion seeking clarification of the stay in two important respects. C.A. Dkt. 24. That motion remains pending.

## ARGUMENT

1. The Supreme Court's emergency docket decision has not obviated the need for this Court to resolve any of the issues on appeal. In resolving plaintiffs' application to vacate this Court's stay pending appeal, the Supreme Court assessed plaintiffs' likelihood of success on the merits—not their ultimate success. *See* 146 S. Ct. at 802-803. "The word 'likely' is important," Justice Barrett emphasized, "because it reflects that [the Supreme Court's] assessment is preliminary" and does not "conclusively resolve [the merits]." *Id.* at 805 (Barrett, J., concurring); *see also, e.g., Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025) ("our interim orders are not conclusive as to the merits"). Indeed, the Supreme Court itself has issued final opinions that depart from the predictive determinations it earlier made in the context of the emergency docket. *Compare, e.g., Whole Women's Health v. Jackson*, 141 S. Ct. 2494, 2495 (2021) (denying petitioners' emergency application to vacate court of appeal's stays of district court proceedings) *with* 595 U.S. 30, 45-48, 51 (2021) (holding, upon full review following grant of certiorari before

3

judgment, that petitioners could proceed in district court against certain defendants).  Because the Supreme Court's resolution of plaintiffs' emergency application to vacate the stay did not finally resolve or predetermine the ultimate resolution of the issues on appeal, the case should proceed as planned to ordinary merits briefing and argument.

2.  For similar reasons, the Supreme Court's interim order does not require a remand to the district court at this time.  Indeed, three of the Justices who joined the per curiam opinion were express about their expectation that this case would proceed on appeal in this Court.  *See Mirabelli*, 146 S. Ct. at 805 (Barrett, J., concurring) ("The parents must continue to litigate in the Ninth Circuit[.]").  But to the extent the Court is contemplating the possibility of a remand to the district court to reconsider the issues at hand in light of the Supreme Court's per curiam opinion, the State respectfully suggests that it defer a decision on whether to do so until *after* the Court receives full adversarial briefing from the parties.

3.  The issues before the panel on appeal are many and complex, and the ordinary merits briefing process will afford the parties the necessary time and space to sufficiently address them.  In addition to analyzing and applying relevant Supreme Court and Ninth Circuit precedent, as well as out-of-circuit authority, the State will of course carefully engage with the Supreme Court's

4

per curiam opinion and the other separate writings. Although not

determinative of the ultimate resolution of the appeal, *see supra* at 3-4, the

Supreme Court's preliminary views about the State's policies and the relevant

legal issues will inform the parties' arguments on appeal. For present

purposes, the State highlights some of the most important features of the

Supreme Court's preliminary legal reasoning.

As to the parents' substantive due process claim, the per curiam focused

on students' mental health. It explained that "[t]he right protected by" *Pierce*

*v. Society of Sisters*, 268 U.S. 510 (1925) and *Meyer v. Nebraska*, 262 U.S.

390 (1923) "includes the right not to be shut out of participation in decisions

regarding their children's mental health." *Mirabelli*, 146 S. Ct. at 803. And it

held that the State's policies likely violate that right to the extent they

"conceal" from parents the information that their child is "exhibit[ing]

symptoms of gender dysphoria at school" or to the extent that they "facilitate

a degree of gender transitioning during school hours." *Id.*

For similar reasons, the Court held that the challenged policies likely

trigger strict scrutiny on free exercise grounds under *Mahmoud v. Taylor*, 606

U.S. 522 (2025). Although the Court clarified that *Mahmoud* should not be

read as a "'decision focused on uniquely coercive 'curricular requirements,'""

*Mirabelli*, 146 S. Ct. at 802, it did not provide any definitive statement about

5

the scope of free exercise rights under that decision.  Instead, the Court

reiterated what it said in *Mahmoud*:  a law triggers strict scrutiny to the extent

it imposes "'the kind of burden on religious exercise that [*Wisconsin v. Yoder*,

406 U.S. 205 (1972)] found unacceptable.'"  *Mirabelli*, 146 S. Ct. at 802

(quoting *Mahmoud*, 606 U.S. at 550).  Given the importance of that

question—not only in this case, but other cases pending before this Court that

concern very different factual contexts, *see Grimsby v. Pan*, No. 25-6100,

C.A. Dkt. 35 (9th Cir. Mar. 6, 2026) (28(j) letter addressing relevance of

*Mahmoud* and *Mirabelli* to state vaccination laws)—it would be appropriate

for the Court to await full briefing and argument before addressing the effect

of the recent per curiam opinion on free exercise rights.

Importantly, the Supreme Court concluded its application of *Mahmoud*

by observing that a state policy would likely satisfy strict scrutiny to the

extent that it "allows religious exemptions while precluding gender-identity

disclosure to parents who would engage in abuse.  *Mirabelli*, 146 S. Ct. at

802-803.  In the State's view, that means that any permanent injunction in this

case should include an exception allowing public school employees not to

disclose information about a student's gender identity to parents to the extent

it would lead to abuse.  *See* C.A. Dkt. 24 at 3-4; C.A. Dkt. 28 at 3-7.  In

applying that exception in practice, teachers and other employees could rely

on the same understanding of "abuse"—and the same standards for determining when abuse is likely—that they turn to in other contexts under mandatory abuse-reporting laws. *See, e.g.*, Cal. Dep't of Educ., *Child Abuse Identification & Reporting Guidelines*, https://www.cde.ca.gov/ls/ss/ap/ childabusereportingguide.asp (last reviewed Nov. 4, 2024); C.A. Dkt. 28 at 7-8.

Finally, the per curiam observed that "the parents protected by the injunction" are only "those parents who object to the challenged policies or seek religious exemptions." *Mirabelli*, 146 S. Ct. at 803. Those parents "very likely have standing," the per curiam stated, "because they are objects of the challenged exclusion policies." *Id.* And it noted that "class certification was likely proper." *Id.* The State's opening brief will engage with these preliminary views and analyze their application to the issues before this Court on appeal. And in so doing, the State will of course make clear if it is abandoning or cabining any arguments in light of the Supreme Court's interim decision. The State has not yet made any definitive decisions about the scope of its arguments on appeal.

4. As the Court is aware, the State has identified certain ambiguities that exist regarding the scope of the injunction now subject to the Court's stay order and has asked this Court to provide clarification in two narrow respects.

*See* C.A. Dkt. 24.  Those ambiguities are best resolved via the State's motion, which is fully briefed and awaits the Court's resolution.  *See* C.A. Dkts. 24, 27, 28.  Any additional ambiguities and sources of potential confusion about the State's ongoing compliance obligations under the injunction can be addressed in the ordinary course through merits briefing and argument.

## CONCLUSION

The Court should allow the appeal to proceed to ordinary merits briefing and argument as planned.

Dated:  March 16, 2026                    Respectfully submitted,

       *s/ Julie Veroff*
_____

ROB BONTA
  *Attorney General of California*
SAMUEL T. HARBOURT
  *Solicitor General*
HELEN H. HONG
  *Principal Deputy Solicitor General*
CHERYL L. FEINER
  *Senior Assistant Attorney General*
JOSHUA A. KLEIN
  *Supervising Deputy Solicitor General*
JULIE VEROFF
  *Deputy Solicitor General*
DARRELL W. SPENCE
  *Supervising Deputy Attorney General*
JENNIFER A. BUNSHOFT
KEVIN L. QUADE
  *Deputy Attorneys General*

*Attorneys for Defendants-Appellants*

9

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** <u>25-8056</u>

I am the attorney or self-represented party.

**This brief contains <u>1691</u> words,** including <u>0</u> words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[X] complies with the length limit designated by court order dated <u>03/03/2026</u>.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** <u>s/ Julie Veroff</u>            **Date** <u>03/16/2026</u>
*(use "*s/[typed name]*" to sign electronically-filed documents)*