UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIZABETH MIRABELLI, an individual; et al., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> ROB BONTA, in his official capacity as Attorney General of California; et al., <br><br> Defendants - Appellants, <br><br> and <br><br> MARK OLSON, in his official capacity as President of the EUSD Board of Education; et al., <br><br> Defendants. | No. 25-8056 <br><br> D.C. No. 3:23-cv-00768-BEN-VET Southern District of California, San Diego <br><br> ORDER |

Before: MURGUIA, Chief Judge, and HURWITZ and MENDOZA, Circuit Judges.

On March 3, 2026, in light of the Supreme Court's decision granting in part and denying in part Plaintiffs-Appellees' ("Plaintiffs") application to vacate the stay in *Mirabelli v. Bonta*, No. 25A810, 607 U.S. ___ (2026), 2026 WL 575049 (U.S. Mar. 2, 2026), the court issued an order vacating in part the stay entered by this court on January 5, 2026. *See* Dkt. No. 19. The court confirmed that the stay is vacated as to the parents' claims and remains in effect as to the remaining claims. *Id.*

On March 6, 2026, Defendants-Appellants ("Defendants") filed an opposed emergency motion for modification of the stay order. Dkt. No. 24. Defendants request the court to modify its stay order in two respects: (1) confirm that the permanent injunction is stayed insofar as it would compel disclosure "to parents who would engage in abuse," *id.* at 4–5; and (2) confirm that the notice requirement set out in Item 3 of the permanent injunction is stayed pending appeal, or substitute the notice requirement statement, *id.* at 5–7. Plaintiffs-Appellees oppose the modifications and argue that the proper venue would be the district court in the first instance. Dkt. No. 26.

Defendants raise important concerns, particularly regarding whether the injunction would compel disclosure "to parents who would engage in abuse." However, we agree with Plaintiffs that the district court should address the request to modify its injunction in the first instance. The district court retains jurisdiction to modify its injunction during the pendency of the appeal. *Hoffman ex rel. NLRB v. Beer Drivers & Salesmen's Loc. Union No. 888*, 536 F.2d 1268, 1276 (9th Cir. 1976) ("[I]n the case of an appeal from an order granting an injunction, the district court does not lose jurisdiction to alter the injunction.").

Defendants' motion for modification of the stay order is DENIED without prejudice. Dkt. No. 24.

25-8056